Dear Representative McCain:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for review.
Your request raises the following issue:
 May a member of the state Legislature concurrently hold the position of assistant indigent defender with the parish indigent defender board?
Resolution of this issue requires review of the Dual Officeholding and Dual Employment Laws of this state. The simultaneous holding of certain positions is prohibited by statute, and as applied in this instance, those pertinent prohibitions are stated as follows:
 "No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof." LSA-R.S. 42:63(C).
A member of the legislature holds an elective office in the legislative branch of state government. LSA-R.S. 42:62(1). A district indigent defender board, created pursuant to LSA-R.S.15:144, is a local political subdivision under LSA-R.S.42:62(9). See also attached Attorney General Opinion Numbers 91-420 and 77-163.
As applied to the instant case, the statute prohibits the simultaneous holding of state elective office while holding either a full-time appointive office or any employment in a political subdivision. However, the statute permits the simultaneous holding of state elective office and part-time local appointive office.
You advise that the position with the indigent defender board is part-time as defined by statute. "Full time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S. 42:62(4). "Part time" means less than the number of hours of work defined as full time. LSA-R.S. 42:62(5).
Therefore, our conclusion is predicated upon whether the position with the indigent defender board is appropriately characterized as an appointment or an employment.
"Employment" is defined as:
 ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." LSA-R.S. 42:62(3); (Emphasis added).
An appointive office is defined in LSA-R.S. 42:62(2) as follows:
 "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
This office has recently addressed this issue in Attorney General Opinion Number 91-22, wherein the author stated:
 "Although R.S. 15:145 uses both, the words `employed' and `appointed', it is our opinion that an assistant indigent defender hired by the board would be considered an employee of the district indigent board, whereas an indigent defender named by a judge or from a list on a case to case basis would be considered an appointment."
It is the opinion of this office that the conclusion of the author in 91-22 is correct. In the case you present, the assistant indigent defender is hired by the indigent defender board and employed on a salaried basis. An elected member of the legislature may not concurrently be employed, whether part time or full time, as an assistant indigent defender with a district indigent board.
We hope the foregoing interpretation of the law sufficiently responds to your request. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0231E